[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiffs appeal a decision of the Newport Zoning Board of Review which denied their application for a special exception for the use of two lots, in an R-10 zone, for off street parking in connection with the operation of their funeral home. The funeral home is at the northeast corner of Broadway and Fowler Avenue. The lots are on the north side of Fowler Avenue, #4 adjoining the funeral home property, and #6 immediately to the east.
Before the Court are the certified records, and an agreed statement of facts submitted in connection with a companion caseSusan C. White et al v. Newport Zoning Board et al, NM890075. The Court has considered the record before it and memoranda filed by counsel. On December 4, 1987 defendants filed for a special exception and variance, seeking permission to enlarge the home and its garage. White was not an abutter, as the petition was filed. But, at the hearing, it was established that petitioner owned the house and lot at #4 Fowler Avenue and intended to use that lot for future parking. The board, sua sponte, amended the petition to include the lot at #4, to which White was an abutter. No continuance with notice to her was had, and the board, again sua sponte, granted the petition on the condition that the house at #4 be demolished and that a screening fence be constructed along the rear and easterly side line of that lot.
White, defendant here, knew nothing of the decision until she saw the start of demolition of the house at #4 in November of 1988. She immediately appealed the board's decision but, not timely, that appeal was dismissed. Thereafter, she brought a petition for declaratory judgment seeking to declare the board lacked jurisdiction in the early case because of failure to give her notice. That case is on the trial calendar in Newport.
Plaintiffs fully complied with the board's decision on the amended petition. But, going beyond that, they also demolished the house at #6 Fowler Avenue, proposing to use both lots for parking. On July 3, 1989 they sought a special exception for permission to so use those two lots. In a decision made December 11, 1989, and subsequently written up, the board denied the petition. Plaintiffs' appeal therefrom is before the Court.
The earlier decision did not address the parking special exception later sought for #4. But in ordering that lot be combined with the funeral home lots by deed, demolition of the house, and screening, they caused plaintiffs to substantially change their position, to their detriment. And while that decision does not constitute administrative finality as it relates to this appeal, estoppel clearly lies as to it. The circumstances, justice and right require such holding. SeeGlocester v. Olivo's Mobile Home Court, 111 R.I. 120 at 130.
The board's decision in so far as it failed to grant relief as to #4, was clearly erroneous. And for that reason, it is reversed. The Court does not consider the appeal as it relates to #6, because the entire decision is infected. And the Court is strongly of the opinion that the case should be reheard on the merits before the board.
Plaintiffs' appeal is sustained, the decision appealed from is reversed, and the case is remanded for hearing on the merits, de novo.[1] Order to enter.
[1] Where one side gives too much, and the other side doesn't get enough, a good settlement results. This tangled mess is one which should be settled.